# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 66 | **DATE** | 7/26/2004 |
| **CASE TITLE** | Sterling Medical Supplies, Inc. vs. Belimed, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motions to dismiss for improper venue (8-1) and to transfer this case (8-2) are denied. Ruling date on said motions is stricken. Status hearing previously set for 7/29/04 at 1:30 p.m. stands.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 27 2004 | |
| | Docketing to mail notices. | | docketing deputy initials | 19 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 7/26/2004 | |
| CW | courtroom deputy's initials | 2004 JUL 26 PM 4:51 | date mailed notice | |
| | | Date/time received in central Clerk's Office | CW6 mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

STERLING MEDICAL SUPPLIES, INC., )
)
      Plaintiff, )
)
v. ) No. 04 C 66
) Paul E. Plunkett, Senior Judge
BELIMED, INC., )
)
      Defendant. )

**DOCKETED**
**JUL 2 7 2004**

## MEMORANDUM OPINION AND ORDER

Sterling Medical Supplies, Inc. has sued Belimed, Inc. for breach of contract and tortious interference. The case is before the Court on defendant's motion to dismiss for improper venue, or in the alternative, motion to transfer this case to the Southern District of Florida. For the reasons set forth below, both motions are denied.

## Background

Plaintiff is an Illinois corporation with its principal place of business in Illinois. (Compl. ¶ 1.) Defendant is a Florida corporation with its principal place of business in Florida. (Id. ¶ 2.)

On March 1, 1993, the parties entered into a written sales representation agreement, which gave plaintiff the exclusive right to sell defendant's products to the medical and hospital market in Illinois, Indiana, Iowa, Missouri and Wisconsin.[1] (Id., Ex. A.) The agreement required defendant

---

[1] The agreement attached to the complaint identifies the parties as Avenatech, Inc. and Sterling Medical Supplies, Inc. (See Compl., Ex. A.) We assume, as the parties do, that Avenatech, Inc. and Belimed, Inc. are the same entity.

19

to pay plaintiff commissions on the sales it made, a condition that plaintiff says defendant breached. (Id.; Compl. ¶ 5.) In addition, plaintiff alleges that defendant intentionally induced plaintiff's sales representatives to terminate their employment contracts. (Compl. ¶¶ 9-14.)

Defendant says that venue is improper in this district because most of the events giving rise to plaintiff's claims occurred in Florida. Moreover, defendant says, even if venue is proper here, the case should be transferred to Florida because it is a more convenient venue.

## Discussion

In a diversity case, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

For venue purposes, a corporation is deemed to reside in any district in which it is subject to personal jurisdiction at the time the action is filed. 28 U.S.C. § 1391(c). Defendant is subject to personal jurisdiction in this district if the Illinois courts could exercise jurisdiction over it. FED. R. CIV. P. 4(k)(1)(A). The Illinois long-arm statute permits Illinois courts to exercise jurisdiction over a non-resident defendant if doing so is consistent with federal constitutional standards. 735 ILL. COMP. STAT. 5/2-209(c). In a case like this, which arises out of the defendant's contacts with the forum state, the exercise of jurisdiction is constitutionally permissible if the defendant has "purposely avail[ed] itself of the privilege of conducting activities" in the forum state such that it

"should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985) (internal quotation marks and citation omitted).

Plaintiff, who bears the burden of proving proper venue, see Grantham v. Challenge-Cook Bros. Inc., 420 F.2d 1182, 1184 (7th Cir. 1970), has proffered evidence that suggests defendant is subject to the jurisdiction of the Illinois courts. Plaintiff has submitted the contract it entered into with defendant to sell defendant's medical supplies in Illinois and four other Midwestern states. Though the time period is not specifically alleged, we can infer from the contract and the allegations of the complaint that plaintiff sold defendant's products in Illinois and defendant sent commission payments to plaintiff's Illinois office for the next ten years. (Compl., Ex. A (stating that the sales agreement was executed on March 1, 1993 and would renew annually unless terminated by either party); Compl. ¶ 12 (alleging that defendant induced plaintiff's sales representatives to terminate their employment contracts in August 2003); Pl.'s Obj. Mot. Dismiss, Ex. A., Houston Aff. ¶ 5 (stating that, until the breach, defendant paid the commissions due under the contract by mailing checks to plaintiff's Wheaton, Illinois office).) Moreover, those sales were made for defendant, at least in part, by Bill Shackelford and Kathy Anderson, two of plaintiff's sales representatives who live in the Chicago area. (Pl.'s Obj. Mot. Dismiss, Ex. A., Houston Aff. ¶¶ 6, 7.)

Given the evidence plaintiff has offered, we conclude that defendant has sufficient contacts with Illinois to make this State a proper venue for this suit. According to plaintiff, the parties had an ongoing business relationship that lasted for a decade. Pursuant to that relationship, plaintiff sold defendant's products in Illinois, by using the services of two Illinois residents, and received payment for its services at its office in Illinois. That evidence suggests that defendant is amenable to jurisdiction in this State because it "created continuing obligations" between itself and a resident of

this State, conduct that should have caused it "[to] anticipate being haled into court [here]." Burger King, 471 U.S. at 474, 476 (internal quotation marks and citation omitted); see Heritage House Restaurants, Inc. v. Continental Funding Group, Inc., 906 F.2d 276, 284 (7th Cir.1990) (non-resident defendant that provided financial services to resident-corporation plaintiff for more than one year was subject to the jurisdiction of the Illinois courts because defendant had "knowingly. . . reached out to . . . and created a continuing relationship" with Illinois resident).

Because a corporation is deemed to reside in any state that can exercise personal jurisdiction over it, defendant is a resident of Illinois. 28 U.S.C. § 1391(c). Consequently, venue is proper in this district because defendant resides here, the first option in the venue statute. 28 U.S.C. § 1391(a)(1).[2] Accordingly, defendant's motion to dismiss for improper venue is denied.

Even if venue is proper here, defendant contends that the case should be transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1404. That statute permits the Court to transfer a case to any other district where "it might have been brought" if the alternate forum will be more convenient for the parties and witnesses and the transfer is in the interests of justice. 28 U.S.C. § 1404(a). Transfer is appropriate if: 1) venue is proper in the transferor district; 2) venue and jurisdiction are proper in the transferee district; and 3) the transfer will serve the convenience of the parties and witnesses and the interests of justice. Id. There is no dispute that the first two elements are met. (Pl.'s Obj. Mot. Dismiss at 5.) The only question, then, is whether defendant has carried its "burden of establishing, by reference to particular circumstances, that [the Southern District of

---

[2] Venue is also proper in this district because "a substantial part of the events or omissions giving rise to the claim[s]," the performance of the sales agreement and the termination of the sales representatives' employment contracts, occurred here, the second option in the venue statute. 28 U.S.C. § 1391(a)(2).

Florida] is clearly more convenient." Coffey v. Van Dorn Iron Works, Inc., 796 F.2d 217, 219-20 (7th Cir. 1986).

To answer that question, the Court must evaluate both the private interests of the parties and the public interest in the efficient administration of justice. Tensor Group, Inc. v. All Press Parts & Equip., Inc., 966 F. Supp. 727, 728 (N.D. Ill. 1997); see Coffey, 796 F.2d at 219 n. 3 (stating that statutory factors are "placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case"). "Private interests include: (1) plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof in each forum. . . [and] (4) convenience to the parties – specifically, their respective residences and abilities to bear the expense of trial in a particular forum." Von Holdt v. Husky Injection Molding Sys., Ltd., 887 F. Supp. 185, 188 (N.D. Ill. 1995). Public interest factors include "such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989).

The private interest factors do not favor a transfer. This case arises primarily from events that occurred in Illinois: (1) defendant's failure to pay plaintiff for selling defendant's products in, among other places, Illinois; and (2) defendant's alleged interference with the employment contracts of two of plaintiff's Chicago-based sales representatives. Moreover, plaintiff chose to litigate in Illinois, a choice that is entitled to great deference. Chicago, Rock Island & Pac. R.R. Co. v. Igoe, 220 F.2d 299, 304 (7th Cir. 1955) ("A large measure of deference is due to the plaintiff's freedom to select his own forum" when much of "the conduct complained of occurred [there].") (internal quotation marks and citation omitted). Finally, defendant has provided no facts that suggest transferring this case to Florida will be more convenient for the parties or witnesses or will provide

easier access to sources of proof. The only witnesses specifically identified in the parties' submissions are Aline and Dale Houston, the two principals of plaintiff, Guy Martin, one of the principals of defendant, and Bill Shackelford and Kathy Anderson, the employees of plaintiff who defendant allegedly lured away. Four of those five witnesses live in Illinois. Plaintiff's records pertaining to this dispute are also in Illinois, and there is no evidence that it would be easier or cheaper for plaintiff to send them to Florida than it would be for defendant to ship its records here. In fact, defendant has offered no evidence at all to support its contention that litigating this case in Florida would be more convenient or economical for anyone.[3] Absent such evidence, the private interest factors do not favor a transfer.

Nor does the public interest factor. Though defendant contends that this case will be resolved more quickly in Florida than it will be in this Court, that is true only if the case goes to trial. If it is resolved in any other manner, the case will be disposed of more quickly here than in the Florida court. (See Def.'s Mot. Dismiss, Ex. B.) Moreover, defendant has not shown that the Florida court has more expertise in the controlling law or greater resources to devote to this case than does this Court. In short, defendant has not demonstrated that either the private or public interest factors favor transferring this case to the Southern District of Florida. Defendant's motion to transfer is, therefore, denied.

---

[3]Defendant's conclusory assertion that "deposition and trial testimony of many [of its] employees" will be essential to this case (Def.'s Mot. Dismiss at 4), does not satisfy its burden of establishing, *with particularity*, that Florida is a more convenient forum. Coffey, 796 F.2d at 219-20 (emphasis added).

## Conclusion

For the reasons set forth above, defendant's motions to dismiss for improper venue and to transfer this case to the Southern District of Florida are denied.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: __JUL 26 2004__